**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **LYNN SAKOWITZ WYATT,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **VIVIENNE STORMHAVEN,** § | |
| an unknown individual, § | **CAUSE NO.:  4:26-cv-166** |
| **AMAZON.COM, INC.,** § | |
| **AMAZON.COM SERVICES LLC, and** § | |
| **JOHN DOE AUTHORS, SELLERS,** § | |
| **AND PUBLISHERS,** § | |
| *Defendants.* § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Lynn S. Wyatt ("Wyatt") brings this action against Vivienne Stormhaven, Amazon.com, Inc., Amazon.com Services LLC, and John Doe Authors, Sellers, and Publishers ("Defendants") for the unauthorized commercial exploitation of her name, likeness, identity, and persona through the publication, sale, and promotion of books falsely purporting to describe her life, personality, and private affairs.  These works, incorporated herein by this reference, including but not limited to those authored under the pseudonym "Vivienne Stormhaven" and/or distributed through Amazon.com, falsely imply endorsement, misappropriate her identity, and compete directly with her own authorized publications.  Defendants' conduct misappropriates Wyatt's identity, falsely implies endorsement, disseminates false statements, and causes substantial harm to her reputation, dignity, and commercial interests.

## PARTIES

1. Lynn S. Wyatt resides in Houston, Texas, and is a renowned socialite, philanthropist, and cultural figure.

2. Defendant Vivienne Stormhaven is an individual or entity of unknown identity who authored or published unauthorized books about Wyatt.

3. Defendant Amazon.com, Inc. is a Delaware corporation with principal offices at 410 Terry Avenue North, Seattle, WA 98109.

4. Defendant Amazon.com Services LLC is a Delaware limited liability company with principal offices at 410 Terry Avenue North, Seattle, WA 98109.

5. Defendant John Doe Authors, Sellers, and Publishers are individuals and entities identified through Amazon listings who wrote, sold, or published unauthorized books about Wyatt.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists under 28 U.S.C. § 1331, 15 U.S.C. § 1125(a), and 28 U.S.C. § 2201 with supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

7. Personal jurisdiction is proper because Defendants purposefully directed their conduct toward Texas, selling and promoting infringing works accessible in this District.

8. Venue is proper under 28 U.S.C. § 1391(b) because Wyatt resides in Houston, Texas, and Defendants conduct substantial business in this District.

## FACTS

9. Wyatt is a renowned Houston philanthropist, cultural figure, and author with decades of public recognition.

10. Wyatt's name and likeness carry significant commercial value.

11. Wyatt has cultivated her reputation through decades of charitable work, international recognition, and authorship of her own works.

12. Wyatt has been inducted into the International Best Dressed List Hall of Fame and honored by the French government for her contributions to the arts.

13. Defendants authored, published, and sold books—including titles authored under the pseudonym "Vivienne Stormhaven"—that prominently use Wyatt's name, likeness, and persona.  Exhibit 1.

14. These books falsely imply Wyatt's endorsement and affiliation, misrepresent her persona, and compete with her own authorized publications.  *Id*.

15. These books present fabricated "biographical" details about Wyatt, attribute statements to her that she never made, describe fictional events as factual, portray her in a misleading and sensationalized manner, and imply that Wyatt cooperated in or endorsed the publications.  Wyatt has never authorized such publications.

16. The books' covers, titles, descriptions, and marketing materials use Wyatt's name and likeness in a manner that would lead a reasonable consumer to believe she authorized or endorsed the works.  Wyatt has never authorized such publications.

17. Defendant Amazon.com and/or Defendant Amazon.com Services LLC were notified of injuries to Wyatt caused by its listing and sales of the books, but Defendant Amazon.com

and/or Defendant Amazon.com Services LLC refused to remove the listings and continue to profit from sales.  Exhibits 2-4.

18. Defendants acted with actual malice and/or reckless disregard for Wyatt's rights.

19. On information and belief, Defendant Amazon.com, Inc., Defendant Amazon.com Services LLC, and/or different Amazon entity(ies) related thereto (collectively "Amazon") was not merely a passive distributor of the content at issue, but participated in its development and/or promotion.  Amazon made the content available to consumers through its platform, and promoted it by means of recommendation algorithms, marketing channels, and sales features. The precise scope of Amazon's involvement in the creation and/or promotion of the content is within Amazon's knowledge and will be revealed through discovery.  Wyatt alleges that Amazon's conduct contributed materially to the dissemination and/or commercial success of the infringing content.  Additionally and alternatively, Amazon participated in the development and/or promotion of the content at issue.

20. Defendant Amazon.com, Inc., Defendant Amazon.com Services LLC, and/or different Amazon entity(ies) related thereto (collectively "Amazon") is not a passive distributor. Amazon created and controlled the product detail pages, selected and displayed promotional text, recommended the books to consumers through algorithmic tools, placed the books in "Sponsored," "Recommended," and "Customers Also Bought" modules, shared revenue with the authors and publishers, and refused to remove the listings after notice.

21. Defendant Amazon.com, Inc., Defendant Amazon.com Services LLC, and/or different Amazon entity(ies) related thereto (collectively "Amazon") materially contributed to the development, marketing, and dissemination of the infringing content.

22. Defendants' books compete with Wyatt's authorized publications.

23. Defendants' books damage her reputation by presenting false statements and fabricated depictions.

24. Defendants and Defendants' books cause emotional distress, humiliation, and loss of business opportunities.

## CAUSES OF ACTION

### COUNT ONE: FALSE ENDORSEMENT (LANHAM ACT § 43(A))

25. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

26. Defendants' unauthorized use of Wyatt's name and likeness in connection with commercial products is likely to cause consumer confusion as to sponsorship, affiliation, or endorsement.

27. Defendants used Wyatt's identity in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods.

28. Wyatt seeks injunctive relief, disgorgement of profits, actual damages, corrective advertising, and attorneys' fees.

### COUNT TWO: FEDERAL DILUTION (LANHAM ACT § 43(c))

29. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

30. Wyatt's identity is famous and distinctive.

31. Defendants' use of her identity dilutes its distinctiveness through blurring and tarnishment.

32. Wyatt seeks actual damages, disgorgement of profits, exemplary damages, and injunctive relief.

### COUNT THREE:  VIOLATION OF RIGHT OF PUBLICITY (TEXAS COMMON LAW & TEX. PROP. CODE § 26.001 *et seq.*)

33. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

34. Defendants knowingly used Wyatt's name, likeness, and identity for commercial purposes without consent.

35. Wyatt seeks actual damages, disgorgement of profits, exemplary damages, and injunctive relief.

### COUNT FOUR:  MISAPPROPRIATION OF NAME, LIKENESS, AND IDENTITY (TEXAS COMMON LAW)

36. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

37. Defendants misappropriated Wyatt's identity for their own commercial advantage without consent.

38. Wyatt seeks actual damages, exemplary damages, and injunctive relief.

### COUNT FIVE:  DEFAMATION (TEXAS COMMON LAW &TEXAS CIVIL PRACTICE & REMEDIES CODE § 73.001 *et seq.*)

39. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

40. Defendants published false statements of fact about Wyatt, including fabricated biographical details, false quotations, and fictional events presented as factual.

41. Defendants acted with actual malice or reckless disregard for the truth.

42. Wyatt suffered reputational harm, emotional distress, and economic damages.

43. Defendants published and disseminated one or more false and defamatory statements concerning Wyatt to third parties and the general public.

44. Defendants published and disseminated one or more false and defamatory statements about Wyatt, and were reasonably understood by viewers, readers, and/or listeners to refer to Wyatt.

45. Defendants knew or should have known of the falsity of their one or more false and defamatory statements about Wyatt, and/or acted with reckless disregard for their truth.

46. Defendants published one or more statements without privilege or authorization, and with actual malice, intent to harm, or gross negligence.

47. Defendants published and disseminated one or more false and defamatory statements about Wyatt intended to injure Wyatt in her personal, professional, and/or social reputation, exposing Wyatt to hatred, contempt, ridicule, and/or financial injury.

48. As a direct and proximate result of Defendants' unlawful conduct, Wyatt has suffered damages, including but not limited to:

    a. injury to reputation;

    b. emotional distress and humiliation;

    c. loss of business opportunities and income; and/or

    d. other damages to be proven at trial.

49. Wyatt seeks compensatory and exemplary damages and injunctive relief.

## COUNT SIX: INVASION OF PRIVACY (TEXAS COMMON LAW)

50. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

51. Defendants intruded upon Wyatt's private affairs by fabricating personal details and exploiting her identity in a manner highly offensive to a reasonable person.

52. Defendants intentionally intruded upon Wyatt's private affairs by fabricating personal details and exploiting her identity in a manner highly offensive to a reasonable person.

53. Wyatt seeks actual and exemplary damages and injunctive relief.

## COUNT SEVEN: TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS (TEXAS COMMON LAW)

54. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

55. Wyatt maintains valid contractual and business relationships, including publishing, philanthropic, and professional engagements.

56. Defendants knowingly interfered with these relationships by misusing Wyatt's identity and disseminating false statements.

57. Wyatt seeks actual and exemplary damages and injunctive relief.

## COUNT EIGHT: UNFAIR COMPETITION (TEXAS COMMON LAW)

58. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

59. Defendants misappropriated Wyatt's goodwill and identity to compete unfairly.

60. Wyatt seeks damages and injunctive relief.

### COUNT NINE: CIVIL CONSPIRACY (TEXAS COMMON LAW)

61. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

62. Defendants acted in concert to publish, promote, and profit from the unauthorized books.

63. Wyatt seeks joint and several liability for all damages.

### COUNT TEN: AIDING AND ABETTING (TEXAS COMMON LAW)

64. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

65. Defendant Amazon.com, Inc., Defendant Amazon.com Services LLC, and/or different Amazon entity(ies) related thereto (collectively "Amazon") knowingly assisted the Doe defendants in exploiting Wyatt's identity.

66. Wyatt seeks damages and injunctive relief.

### COUNT ELEVEN: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

67. Wyatt repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

68. A real and substantial controversy exists regarding Defendants' unlawful conduct.

69. Wyatt seeks a declaration that Defendants' conduct is unlawful and must cease.

## JURY DEMAND

70. Wyatt hereby demands a trial by jury for all issues so triable alleged in this Complaint.

## PRAYER

WHEREFORE, Wyatt respectfully requests:

A. the above-pleaded relief;

B. preliminary and permanent injunctive relief;

C. removal of all infringing books from sale

D. actual damages, statutory damages, and punitive damages;

E. disgorgement of Defendants' profits;

F. attorneys' fees and costs;

G. declaratory relief; and

H. all other relief as the Court deems just and proper.

Respectfully submitted,

KEARNEY, MCWILLIAMS & DAVIS

Dated: January 9, 2026

*/s/Erik J. Osterrieder*
Erik J. Osterrieder
SBN: 24013276
ejo@kmd.law
Jamison B. Walters
SBN: 24098573
jwalters@kmd.law
Aaron J. Maher
SBN: 24134372
amaher@kmd.law
55 Waugh Drive, Suite 150
Houston, TX 77007
Tel: (713) 201-0303
Fax: (281) 999-5350
***Attorneys for Plaintiff Lynn S. Wyatt***