# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **LYNN SAKOWITZ WYATT,**<br><br>   *Plaintiff,*<br><br>*vs.*<br><br>**VIVIENNE STORMHAVEN,<br>an unknown individual,<br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>JOHN DOE AUTHORS, SELLERS,<br>AND PUBLISHERS,**<br><br>   *Defendants.* | **CIVIL ACTION No. 4:26-CV-00166**<br><br>The Hon. Andrew S. Hanen |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY ON DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")

respectfully submit this memorandum of law in opposition to plaintiff Lynn Sakowitz Wyatt's

("Plaintiff") Motion for Expedited Discovery ("Motion").[1]

---

[1] By filing this memorandum in opposition to Plaintiff's Motion, Amazon does not waive any rights or defenses, including its right to contest personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

v. -

## TABLE OF CONTENTS

**Page**

I.   STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ............................2

II.  SUMMARY OF THE ARGUMENT ..................................................................2

III. NATURE AND STAGE OF THE PROCEEDINGS ..........................................................3

IV.  ARGUMENT ..........................................................................................................4

   A.   Plaintiff Must Produce Evidence Sufficient to Establish a Prima Facie Case
        Before a Court Compels Disclosure of Anonymous Speakers' Identities. ..............4

   B.   Even Under the Intermediary *Seescandy* Standard, Plaintiff Has Not Shown Her
        Claims Could Survive a Motion to Dismiss. ...........................................................7

   C.   The Court Should Resolve the Threshold Question of Personal Jurisdiction Before
        Compelling Amazon to Respond to Discovery. .....................................................14

   D.   Plaintiff Has Not Shown Good Cause To Justify Expedited Discovery. ...............17

V.   CONCLUSION .......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com, Inc. v. McMillan*,
625 S.W.3d 101 (Tex. 2021)........................................................................................10

*Arista Records LLC v. Does 1-19*,
551 F. Supp. 2d 1 (D.D.C. 2008) ..................................................................................7

*Arthur W. Tifford, PA v. Tandem Energy Corp.*,
562 F.3d 699 (5th Cir. 2009) ......................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................8, 10, 12, 13

*Baig v. Moonbug Ent. Ltd.*,
2024 WL 5487086 (E.D. Tex. Apr. 12, 2024).........................................................16

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ....................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................8

*Best Western Int'l, Inc. v. Doe*,
2006 WL 2091695 (D. Ariz. July 25, 2006) ...............................................4, 5, 6, 18

*Brandyberg v. Kitzman*,
2006 WL 8446932 (S.D. Tex. Mar. 31, 2006).........................................................11

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)....................................................................................................15

*Buckley v. Am. Const. L. Found.*,
525 U.S. 182 (1999)..................................................................................................2, 4

*Cap. Credit Inc. v. Mainspring Am., Inc.*,
2020 WL 4043499 (W.D. Tex. July 17, 2020) .........................................................15

*Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*,
201 F.R.D. 1 (D.D.C. 2001)........................................................................................17

*Columbia Ins. Co. v. Seescandy.com*,
185 F.R.D. 573 (N.D. Cal. 1999)................................................................3, 4, 7, 13

*Combat Zone Corp. v. Does*,
   2012 WL 12898023 (S.D. Tex. Dec. 3, 2012) ..........................................................................7

*Corbis Corp. v. Amazon.com, Inc.*,
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) .............................................................................9

*Corrosion Prevention Techs. LLC v. Hatle*,
   2020 WL 6202690 (S.D. Tex. Oct. 22, 2020) .......................................................................12

*CTC Int'l, Inc. v. Supply Change, LLC*,
   2022 WL 4360051 (W.D. Tex. Sept. 20, 2022) .......................................................................8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .............................................................................................................14

*Dendrite Int'l, Inc. v. Doe No. 3*,
   775 A.2d 756 (N.J. App. 2001) ..........................................................................................6, 7

*Doe v. Cahill*,
   884 A.2d 451 (Del. 2005) .............................................................................................2, 5, 6, 7

*Elvis Presley Enters., Inc. v. Capece*,
   950 F. Supp. 783 (S.D. Tex. 1996) .......................................................................................11

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
   946 F.3d 1040 (9th Cir. 2019) ..............................................................................................10

*Enplanar, Inc. v. Marsh*,
   11 F.3d 1284 (5th Cir. 1994) ................................................................................................18

*Erie Ins. Co. v. Amazon.com, Inc.*,
   925 F.3d 135 (4th Cir. 2019) ..................................................................................................9

*Fujita v. United States*,
   416 F. App'x 400 (5th Cir. 2011) .......................................................................................3, 14

*Glassdoor, Inc. v. Andra Grp., LP*,
   2019 WL 321934 (Tex. Jan. 25, 2019) ...................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) .............................................................................................................17

*Hampton v. Equity Tr. Co.*,
   607 S.W.3d 1 (Tex. App.—Austin 2020) ..............................................................................13

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*,
   888 F.3d 753 (5th Cir. 2018) ................................................................................................13

ii

*In re Does 1-10*,
   242 S.W.3d 805 (Tex. App.—Texarkana 2007) ........................................................5

*Jack Daniel's Properties, Inc. v. VIP Products LLC*,
   599 U.S. 140 (2023) .................................................................................................9

*Johnson v. TheHuffingtonPost.com, Inc.*,
   21 F.4th 314 (5th Cir. 2021) ............................................................................15, 16

*Kuykendall v. Amazon Studios LLC*,
   2022 WL 19337992 (S.D. Tex. Mar. 18, 2022) ....................................................17

*Lowery v. Mills*,
   2023 WL 9958230 (W.D. Tex. Aug. 9, 2023) .......................................................14

*M-I LLC v. Stelly*,
   733 F. Supp. 2d 759 (S.D. Tex. 2010) ..................................................................12

*Matthews v. Wozencraft*,
   15 F.3d 432 (5th Cir. 1994) ..................................................................................10

*McIntyre v. Ohio Elections Comm'n*,
   514 U.S. 334 (1995) .................................................................................................4

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
   194 F.R.D. 618 (N.D. Ill. 2000) ...........................................................................17

*Mobilisa, Inc. v. Doe*,
   170 P.3d 712 (Ariz. Ct. App. 2007) ........................................................................5

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ................................................................................15

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) ................................................................................13

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) ................................................................................15

*Parisi v. Sinclair*,
   774 F. Supp. 2d 310 (D.D.C. 2011) ......................................................................10

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) ................................................................................17

*Petrus v. Bowen*,
   833 F.2d 581 (5th Cir. 1987) ................................................................................14

*Pureshield, Inc. v. Allied Biosci., Inc.*,
  2021 WL 4492861 (E.D. Tex. Sept. 30, 2021) ........................................................................12

*Rockwell Automation, Inc. v. Beckhoff Automation LLC*,
  2014 WL 357810 (D. Nev. Jan. 31, 2014) ..............................................................................14

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) .....................................................................................................9

*Schoellkopf v. Pledger*,
  778 S.W.2d 897 (Tex. App.—Dallas 1989) ............................................................................13

*Select Rsch., Ltd. v. Amazon.com, Inc.*,
  2024 WL 3585106 (E.D. Tex. July 30, 2024) .........................................................................15

*St. Louis Grp., Inc. v. Metals & Additives Corp.*,
  275 F.R.D. 236 (S.D. Tex. 2011) ..............................................................................3, 4, 17, 18

*Star-Telegram, Inc. v. Doe*,
  915 S.W.2d 471 (Tex. 1995) ...................................................................................................12

*Viahart, LLC v. Arkview LLC*,
  2020 WL 4905542 (E.D. Tex. Aug. 20, 2020) ........................................................................16

*Walden v. Fiore*,
  571 U.S. 277 (2014) ...........................................................................................................15, 16

*Walker v. Beaumont Independent School District*,
  938 F.3d 724 (5th Cir. 2019) .............................................................................................11, 12

*Westchester Media v. PRL USA Holdings, Inc.*,
  214 F.3d 658 (5th Cir. 2000) .....................................................................................................9

**Statutes**
15 U.S.C. § 1125(a) .......................................................................................................................10

47 U.S.C.
  § 230.......................................................................................................................................9, 10
  § 230(c)(1) .................................................................................................................................9

**Rules**
Fed. R. Civ. P. 12(b)(2).............................................................................................................1, 14

Fed. R. Civ. P. 12(b)(6).....................................................................................................................8

Fed. R. Civ. P. 26(d)(1).........................................................................................................2, 17, 18

Fed. R. Civ. P. 26(f)...........................................................................................................................4

## I.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1.    Before compelling disclosure of anonymous speakers' identities, courts, including the Texas Court of Appeals, require a plaintiff to make a prima facie evidentiary showing that her claims could survive summary judgment.  Here, Plaintiff has submitted no evidence or factual support for any element of any claim.  Should the Court compel Amazon to unmask pseudonymous and anonymous authors of the challenged biographies?

2.    Even under a less demanding standard, courts require a plaintiff seeking to unmask anonymous speakers to demonstrate that her claims could survive a motion to dismiss.  Here, the Complaint does not identify a single actionable statement and does not allege facts sufficient to establish elements of Plaintiff's claims for defamation, false endorsement, dilution, right of publicity, or tortious interference.  Has Plaintiff satisfied even this intermediary standard?

3.    Courts have indicated a reluctance to permit discovery where a pending motion to dismiss for lack of personal jurisdiction raises a threshold issue that may eliminate the need for discovery entirely.  Should the Court compel Amazon to respond to discovery before resolving Amazon's forthcoming jurisdictional motion to dismiss?

4.    A plaintiff seeking expedited pre-Rule 26(f) discovery must, at minimum, demonstrate good cause.  Plaintiff's entire showing is that she cannot amend the Complaint or effect service without the requested discovery, which is a justification that, as the court explained in the very case Plaintiff relies upon, would make expedited discovery the norm and eliminate any substantive purpose for Rule 26(d)(1).  Does this assertion alone qualify as good cause?

## II.    SUMMARY OF THE ARGUMENT

Plaintiff asks this Court to compel Amazon to disclose the identities of anonymous speakers.  That is not a routine request for expedited discovery because it implicates the First Amendment right to speak anonymously.  *Buckley v. Am. Const. L. Found.*, 525 U.S. 182, 199-200 (1999).  Plaintiff's brief never addresses these concerns, does not identify the proper standard governing motions to unmask anonymous speakers, and does not offer any evidence or specific factual allegations supporting Plaintiff's claims.

The Motion should be denied for four independent reasons.  *First*, the First Amendment requires Plaintiff to make a prima facie evidentiary showing before a court may compel disclosure of anonymous speakers' identities.  *Doe v. Cahill*, 884 A.2d 451, 457 (Del. 2005).  Here, Plaintiff has submitted no evidence at all, let alone sufficient evidence to survive a motion

for summary judgment.  *See* Section I, *infra*.  *Second*, even under the less protective standard, Plaintiff must demonstrate that her claims could survive a motion to dismiss.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).  Her Complaint falls woefully short of this basic requirement; it does not allege facts sufficient to state a plausible claim for defamation, false endorsement, dilution, right of publicity, or any of the remaining derivative causes of action.  *See* Section II, *infra*.  *Third*, Amazon disputes that this Court has personal jurisdiction over it.  The Court should resolve this threshold question before compelling Amazon to produce information revealing the identities of pseudonymous and anonymous authors and publishers. *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).  *See* Section III, *infra*.  *Finally*, Plaintiff has not even demonstrated good cause for expedited discovery, which is the standard advocated for in her own brief.  *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).  *See* Section IV, *infra*.  The Court should deny the Motion in full.

### III.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed this action on January 9, 2026, alleging that an individual or entity, writing under the "pseudonym 'Vivienne Stormhaven,'" along with additional John Doe authors, sellers, and publishers (collectively, "Doe Defendants"), published and distributed unidentified books through Amazon.com "falsely purporting to describe [Plaintiff's] life, personality, and private affairs."  Dkt. 1 at 1. She claims that "Vivienne Stormhaven is an individual or entity of unknown identity." *Id*. ¶ 2.  She brings eleven causes of action against the Doe Defendants and Amazon alleging that "Defendants' conduct misappropriates [Plaintiff's] identity, falsely implies endorsement, disseminated false statements and causes substantial harm to her reputation, dignity, and commercial interests." *Id.* at 1.  On January 9, 2026, Plaintiff filed the Motion now before the Court, which seeks leave to serve expedited discovery on Amazon to unmask the

identities of the Doe Defendants. Dkt. 6. No Rule 26(f) conference has taken place, and

Amazon has not yet answered or otherwise responded to the Complaint.

## IV.　ARGUMENT

### A.　Plaintiff Must Produce Evidence Sufficient to Establish a Prima Facie Case Before a Court Compels Disclosure of Anonymous Speakers' Identities.

Plaintiff's requested discovery implicates the First Amendment right to speak

anonymously. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). But rather

than address the higher standard warranted as a result, Plaintiff cites a single, inapposite case for

the proposition that "good cause" is all that is required, and treats this as a routine discovery

matter. Dkt. 6-1 at 1 (citing *St. Louis Grp.*, 275 F.R.D. at 239). It is not.

The Supreme Court has long recognized that the First Amendment protects anonymous

speech. *Buckley*, 525 U.S. at 199-200. Courts therefore require a heightened showing before

compelling disclosure of an anonymous speaker's identity. *See, e.g.*, *Best Western Int'l, Inc. v.

Doe*, 2006 WL 2091695, at *4 (D. Ariz. July 25, 2006) (holding expressive speech by

anonymous persons is entitled to "substantial First Amendment protection"). As one court

explained, "[the] ability to speak one's mind without the burden of the other party knowing all

the facts about one's identity can foster open communication and robust debate." *Seescandy*,

185 F.R.D. at 578. Accordingly, "[p]eople who have committed no wrong should be able to

participate [in such debate pseudonymously and anonymously] without fear that someone who

wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the

court's order to discover their identity." *Id.*

Because these constitutional interests are at stake, plaintiffs are required to make a

meaningful evidentiary showing before unmasking anonymous defendants. Courts have

recognized a spectrum of standards, "ranging (in ascending order) from a good faith basis to

assert a claim, to pleading sufficient facts to survive a motion to dismiss, to a showing of *prima facie* evidence sufficient to withstand a motion for summary judgment and, beyond that, hurdles even more stringent." *Best Western*, 2006 WL 2091695, at *4 (quoting *Cahill*, 884 A.2d at 457). While the Fifth Circuit has not expressed a standard on what a plaintiff must show to be granted limited discovery of this nature, the only Texas appellate court to address the question in a similar context adopted the more protective *Cahill* standard.  In *In re Does 1-10*, 242 S.W.3d 805 (Tex. App.—Texarkana 2007, no pet.), the court held that before a plaintiff may obtain the identity of an anonymous speaker through the compulsory discovery process, she must "support [her] claim with facts sufficient to defeat a summary judgment motion." *Id.* at 821 (quoting *Cahill*, 884 A.2d at 460).  Agreeing with the court's analysis in *Best Western*, the Court of Appeals explicitly rejected the less stringent "good faith" standard, reasoning that "[t]he Court must examine facts and evidence before concluding that a defendant's constitutional rights must surrender to a plaintiff's discovery needs." *Id.* at 822.[2]  This requires a plaintiff to "submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question." *Id.* (quoting *Cahill*, 884 A.2d at 465).

Moreover, the lowest of these—the bare "good cause" or "good faith" standard, which Plaintiff advocates for—and the intermediary standard articulated by the court in *Seescandy* have been widely criticized as insufficient to safeguard First Amendment rights.  *E.g.*, *Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. Ct. App. 2007) ("requiring a plaintiff to merely set forth a prima facie claim or survive a motion to dismiss would set the bar too low") (internal citations

---

[2] The Court of Appeals decision in *In re Does* has never been overruled or disturbed. Although the Texas Supreme Court had the opportunity to provide further guidance in *Glassdoor, Inc. v. Andra Grp., LP*, 2019 WL 321934 (Tex. Jan. 25, 2019), it dismissed that case as moot without reaching the merits.

omitted).  As the court explained in *Best Western*, "more [than a good faith allegation of wrongdoing, devoid of factual detail] is needed before a defendant's First Amendment rights may be eliminated."  *Best Western*, 2006 WL 2091695, at *5. Therefore, the Court here should apply the more protective *Cahill* standard.

Plaintiff has not satisfied this standard here.  Her supporting brief consists of a three-page memorandum of law.  It attaches no declarations, no exhibits, and no evidence of any kind.  It does not identify a single allegedly defamatory statement in any of the unspecified books at issue.  *See generally* Dkt 6-1.  In fact, Plaintiff's brief does not even identify which of the challenged publications listed in the exhibit attached to the pleading form the bases of her claims. *See* Dkt. ¶¶ 13-24 & Ex. 1.  Nor does the brief offer any evidence of reputational harm, consumer confusion, or commercial injury, or, for that matter, any factual support for Plaintiff's claims that Defendants "engaged in wrongful conduct not protected by the First Amendment." *Best Western*, 2006 WL 2091695, at *5.  *See also Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 159 (N.J. App. 2001) (affirming denial of expedited discovery where plaintiff failed "to establish a sufficient nexus between [defendant's] statements and [plaintiff's] allegations of harm").  Plaintiff's entire argument is that absent expedited discovery, "[she] will be unable to amend the Complaint and effect service, delaying resolution and potentially allowing John Doe Defendants to evade accountability."  Dkt. 6-1 at 2.  But that is precisely the kind of conclusory assertion that courts applying the *Cahill* standard have found insufficient.  *See, e.g.*, *Best Western*, 2006 WL 2091695, at *5 (explaining plaintiff's assertion that "the identities of the John Doe Defendants is necessary for this case to proceed" did not sufficiently address "the question

6
v. -

of whether discovery should be permitted in light of the First Amendment rights of the John Doe

Defendants").[3]

Plaintiff's reliance on *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1 (D.D.C.

2008), is misplaced.  That case involved copyright infringement claims against anonymous

Internet users accused of illegal file-sharing—not defamation or right-of-publicity claims

implicating the kind of expressive speech at issue here.  *Id.* at 8 (distinguishing claims involving

alleged copyright infringement from "*actual* speech").  And even there, the court determined that

the plaintiff made a concrete prima facie showing of infringement to survive a motion to dismiss;

it did not authorize unmasking based on bare allegations alone.  *See id.* at 7, 9-12.

In sum, Plaintiff asks this Court to strip anonymous authors of their First Amendment

protections on the basis of a three-page brief that does not engage with the appropriate legal

standard and does not offer any evidence in support of her boilerplate claims and conclusory

allegations.  The Motion should be denied for this failure alone.

> **B.        Even Under the Intermediary *Seescandy* Standard, Plaintiff Has Not Shown
> Her Claims Could Survive a Motion to Dismiss.**

Even if the Court declines to apply the more protective *Cahill* standard, the result is the

same under the intermediary *Seescandy* standard, which requires a plaintiff seeking discovery to

identify anonymous defendants to demonstrate, among other things, that her action "could

survive a motion to dismiss."  *Seescandy*, 185 F.R.D. at 579-80; *cf. Combat Zone Corp. v. Does*,

2012 WL 12898023, at *1-2 (S.D. Tex. Dec. 3, 2012) (applying *Seescandy* to subpoenas to

determine the names and addresses of users connected to certain IP addresses that were linked to

---

[3] Additionally, *Dendrite*, 775 A.2d 756 articulated an additional requirement that the courts balance the defendant's First Amendment right to anonymous speech against the strength of a plaintiff's prima facie case.  *Id.* at 760-61.  Here, there is nothing to balance because Plaintiff has not made any showing, let alone the prima facie showing the First Amendment requires.

infringements of plaintiff's copyrighted works).  Federal pleading standards require a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"—not merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  Plaintiff's Complaint, which lacks the factual detail necessary to evaluate whether any of her claims has merit, does not clear this hurdle.  Amazon will address these issues in greater detail in its forthcoming Rule 12(b)(6) motion to dismiss, which is incorporated by reference here. In brief, the Complaint suffers from several deficiencies, including the following:

- ***First & Second Causes of Action – False Endorsement and Dilution.***  Plaintiff's Lanham Act claims consist of nothing more than a bare recitation of the statutory elements, which is not sufficient to state a claim under *Twombly* and *Iqbal*.  Dkt. ¶¶ 25-32.  Apart from conclusory allegations that the "covers, titles, descriptions, and marketing materials use [her] name and likeness," the Complaint does not describe the content of the alleged books or "marketing materials" in sufficient detail to allow Amazon or the Court to assess the plausibility of confusion. *See id.* ¶ 16.  Nor does it allege a single instance of actual consumer confusion, or explain why a reasonable consumer would believe Plaintiff authorized or endorsed a biography written under the pseudonym "Vivienne Stormhaven"—particularly where she alleges that the publication defames her and "portray[s] her in a misleading and sensationalized manner." *Id.* ¶¶ 13, 15.  Similarly, Plaintiff has failed to allege any facts demonstrating that her name or identity would be considered "famous," as that term is defined by the statute, or how her association with the alleged books harms her reputation, as required to state a claim for dilution. *See CTC Int'l,*

8
v. -

*Inc. v. Supply Change, LLC*, 2022 WL 4360051, at \*5 (W.D. Tex. Sept. 20, 2022) (holding mere allegation that a "mark is famous is insufficient to state a claim for trademark dilution").

Plaintiff's claims are also barred by the First Amendment under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), which has been adopted by the Fifth Circuit to balance First Amendment interests with the protections of the Lanham Act. *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 664-65 (5th Cir. 2000). *Rogers* precludes Lanham Act claims targeting expressive works unless the use of a plaintiff's name or identity (1) "has no artistic relevance to the underlying work" or (2) "explicitly misleads as to the source or the content of the work." *Rogers*, 875 F.2d at 999. In *Rogers*—the continued vitality of which was recognized by the Supreme Court in *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023)—the Second Circuit rejected a false endorsement claim similar to the one Plaintiff pleads here, explaining that "the slight risk that such use of a celebrity's name [in an expressive work] might implicitly suggest endorsement or sponsorship to some people is outweighed by the danger of restricting artistic expression, and the Lanham Act is not applicable." *Id.* at 1000-02. Because Plaintiff cannot meet either prong, her claim fails as a matter of law.

● ***Section 230 Immunity Applies to Plaintiff's State-law Claims.*** As an initial matter, the Communications Decency Act of 1996 ("CDA") grants immunity from liability to (1) interactive service providers (2) for speech posted on the service by a third party (3) for claims that seek to treat the service as if it published the third party's speech. *See* 47 U.S.C. § 230(c)(1). Numerous courts have held that Amazon is an interactive service provider entitled to immunity under Section 230. *See, e.g.*, *Erie Ins. Co. v. Amazon.com, Inc.*, 925 F.3d 135, 139 (4th Cir. 2019) ("to implicate the immunity of § 230(c)(1), a claim must be based on the interactive computer service provider's publication of a third party's speech"); *Corbis Corp. v.*

9
v. -

*Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004) (no dispute that Amazon is an interactive service provider for CDA purposes); *see also Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 111-12 (Tex. 2021) (holding Amazon was not "seller" of third-party item sold on its online marketplace under Texas products liability law and therefore was immune from claims under Section 230).  Because the alleged books at issue were "authored" and "published" by anonymous and pseudonymous parties (Dkt. ¶ 13) and merely offered for sale through Amazon.com, Amazon is immune from liability for Plaintiff's claims.  *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009) (recognizing that "the cause of action most frequently associated with the cases on section 230 is defamation[,]" but explaining that the statute's protection extends beyond defamation causes of action); *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019) (holding immunity applied to claims brought under section 43(a) of the Lanham Act); *see also Parisi v. Sinclair*, 774 F. Supp. 2d 310, 315-18 (D.D.C. 2011) (in summary judgment context, holding Amazon and Barnes & Noble were immune from defamation and right of publicity claims arising from books offered for sale on their respective websites).

- ***Third & Fourth Causes of Action – Right of Publicity and Misappropriation.***

Plaintiff's claims allege that Amazon "knowingly used [her] name, likeness, identity for commercial purposes without consent." Dkt. ¶ 34. Not only does the Complaint rely on the type of boilerplate allegations held insufficient under *Iqbal* (*see id.* ¶¶ 33-38), Plaintiff's allegations again raise significant First Amendment issues.  Courts in the Fifth Circuit have recognized that the right of publicity "does not preclude others from incorporating a person's name, features or biography in a literary work," *Matthews v. Wozencraft*, 15 F.3d 432, 439 (5th Cir. 1994), and have consistently held that the use of a public figure's name in books and similar expressive

10

v. -

works is protected speech "where the use of the celebrity's name 'is clearly related to the content of the [underlying commodity] and is not a disguised advertisement for the sale of goods or services or a collateral commercial product.'" *Elvis Presley Enters., Inc. v. Capece*, 950 F. Supp. 783, 802 (S.D. Tex. 1996), *rev'd on other grounds*, 141 F.3d 188 (5th Cir. 1998). The Complaint does not allege facts suggesting that the challenged publications are anything other than biographies of Plaintiff, and the Court cannot evaluate whether any exception applies without knowing what the books actually say, which Plaintiff has not alleged.

● ***Fifth Cause of Action – Defamation.*** Although "[p]laintiffs are not required to plead the allegedly defamatory statements verbatim, … the defendant must be given adequate notice of the communications complained of to allow the defendant to prepare an adequate defense." *Brandyberg v. Kitzman*, 2006 WL 8446932, at *17 (S.D. Tex. Mar. 31, 2006) (dismissing defamation claim where plaintiff neither alleged the libelous statements with specificity nor attached the challenged publications to the complaint). Plaintiff's Complaint fails to satisfy this basic pleading requirement. She pleads—without elaboration—that "Defendants published false statements of fact about [her], including fabricated biographical details, false quotations, and fictional events." Dkt. ¶ 40; *see also id.* ¶¶ 13, 43-44, 47. But the Complaint fails to specifically allege a single "false and defamatory" statement; in fact, Plaintiff does not even bother to identify which of the myriad books listed in Exhibit 1 attached to the Complaint she alleges are defamatory. Plaintiff plainly has not provided Amazon with sufficient notice to allow it to defend itself. Her claim fails for this reason alone.

Further, because Plaintiff is an alleged public figure (*see id.* ¶¶ 9-12), she is required to, allege actual malice, but has not adequately done so. In *Walker v. Beaumont Independent School District*, 938 F.3d 724 (5th Cir. 2019), the Fifth Circuit affirmed dismissal of a defamation claim

11

v. -

where the plaintiffs alleged only in conclusory terms that defendants made defamatory statements with "actual malice." *Id.* at 744-45. The Complaint's allegations here are no less conclusory. Dkt. ¶ 41. Her claim also fails for this reason.

- **Sixth Cause of Action – Invasion of Privacy.** Under Texas law, to establish the tort of invasion of privacy based upon the public disclosure of private facts, a plaintiff must demonstrate that (1) publicity was given to matters concerning her private life, (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized was not of legitimate public concern. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995). Here, Plaintiff merely alleges that Amazon "intruded upon [her] private affairs by fabricating personal details and exploiting her identity in a manner highly offensive to a reasonable person." Dkt. ¶ 51. Again, the Complaint's boilerplate pleadings, devoid of any allegations identifying the alleged private facts that were purportedly disclosed, are insufficient under *Iqbal*.

- **Seventh Cause of Action – Tortious Interference.** To sufficiently plead the elements of a tortious interference claim, a plaintiff must "describe the specifics of a proposed agreement that never came to fruition." *Corrosion Prevention Techs. LLC v. Hatle*, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020). Accordingly, "[c]ourts have consistently required plaintiffs to do more than vaguely identify potential business partners purportedly influenced by a defendant's alleged misconduct." *Pureshield, Inc. v. Allied Biosci., Inc.*, 2021 WL 4492861, at *3 (E.D. Tex. Sept. 30, 2021); *see also M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 774-75 (S.D. Tex. 2010) ("Without identifying an existing contract that is subject to interference, M-I has failed to plead adequately the first element of a tortious interference with contract claim."). Plaintiff fails to identify a single potential business relationship or contract that was negatively impacted as a

12
v. -

result of Amazon's conduct.  *See* Dkt. ¶¶ 54-57.  The Complaint's "[t]hreadbare recitals of the elements" are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.

● ***Remaining Causes of Action.***  Plaintiff's remaining causes of action for unfair competition and civil conspiracy are not supported by any specific facts, are wholly derivative of her other claims (Dkt. ¶¶ 58-63), and thus fail for the same reasons discussed above.  *See Schoellkopf v. Pledger*, 778 S.W.2d 897, 904-05 (Tex. App.—Dallas 1989, writ denied) (explaining liability for unfair competition requires "some finding of an independent substantive tort"); *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709 (5th Cir. 2009) ("A defendant's liability is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim.").  Her request for declaratory judgment (Dkt. ¶¶ 67-69) is a *remedy*; "it does not provide an additional cause of action with respect to the underlying claim[s]." *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc). And finally, her claim for "aiding and abetting" is not a cognizable cause of action in Texas at all.  *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018); *accord Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 5 (Tex. App.—Austin 2020, pet. denied).

In short, Plaintiff's Complaint cannot survive Amazon's forthcoming motion to dismiss. Under *Seescandy*, that is reason enough to deny Plaintiff's request for expedited discovery.[4]

---

[4] The *Seescandy* standard also requires a plaintiff to: (1) "identify the [defendant] with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court"; and (2) recount the "steps taken to locate the elusive defendant." *Seescandy*, 185 F.R.D. at 578-80.  Plaintiff has done neither.  The Complaint identifies the pseudonymous author only as "Vivienne Stormhaven, … an individual or entity … unknown" and the remaining Doe Defendants as "individuals and entities identified through Amazon listings."  Compl. ¶¶ 2, 5.  It does not allege any steps taken to identify these individuals through means other than compelling Amazon to disclose their identities.  Plaintiff's Motion should be denied for these additional reasons

**C.      The Court Should Resolve the Threshold Question of Personal Jurisdiction Before Compelling Amazon to Respond to Discovery.**

Amazon also disputes that the Court has jurisdiction over it and intends to file a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  District courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Fujita*, 416 F. App'x at 402 (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).  Courts are particularly inclined to do so when the pending motion challenges personal jurisdiction, because that is a "critical preliminary question" whose resolution may eliminate the need for discovery entirely.  *Rockwell Automation, Inc. v. Beckhoff Automation LLC*, 2014 WL 357810, at *2-3 (D. Nev. Jan. 31, 2014).  Accordingly, this jurisdictional question should be resolved before Amazon is compelled to produce information identifying the Doe Defendants.  *See Lowery v. Mills*, 2023 WL 9958230, at *2 (W.D. Tex. Aug. 9, 2023) ("because the parties dispute whether there are jurisdictional issues in this case, the Court finds it would be premature to allow discovery to commence until this threshold issue is resolved").

*First*, Amazon is not subject to general jurisdiction in Texas.  General jurisdiction exists only where a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  For a corporation, that means its place of incorporation or principal place of business.  *Id.* at 137.  Both Amazon entities are organized under Delaware, with principal offices in Seattle, Washington.  Dkt. ¶¶ 3-4.  Neither entity is incorporated in Texas or maintains its principal place of business here, which is dispositive.  *See Daimler*, 571 U.S. at 137.

Nor does Amazon's physical presence in Texas, including fulfillment centers and employees, establish general jurisdiction.  Federal courts have routinely held that Amazon is not

14
v. -

subject to general jurisdiction in Texas on this basis. *See, e.g.*, *Select Rsch., Ltd. v. Amazon.com, Inc.*, 2024 WL 3585106, at *3 (E.D. Tex. July 30, 2024) (concluding Amazon is not subject to general jurisdiction in Texas despite allegedly engaging in "substantial business activities" in the state); *Cap. Credit Inc. v. Mainspring Am., Inc.*, 2020 WL 4043499, at *3 (W.D. Tex. July 17, 2020) (holding that Amazon "is not subject to general jurisdiction in Texas simply because it does business here—Amazon does business 'everywhere'").

*Second*, Amazon is not subject to specific jurisdiction in Texas. Specific jurisdiction requires that "the defendant's suit-related conduct must create a substantial connection with the forum State." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Put differently, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 264; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6 (2011) ("even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

Plaintiff's sole jurisdictional allegation is that "Defendants purposefully directed their conduct toward Texas, selling and promoting infringing works accessible in this District." Dkt. ¶ 7. This is precisely the kind of conclusory allegation that the Court need not credit. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam). And the Fifth Circuit has rejected the theory that operating a nationally accessible website constitutes purposeful availment. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314 (5th

15
v. -

Cir. 2021), is directly on point.  There, a Texas resident sued HuffPost for libel.  HuffPost was a citizen of Delaware and New York with no physical ties to Texas.  *Id.* at 317.  The court held that mere accessibility of a website in Texas does not constitute purposeful availment, and that HuffPost's nationwide sale of merchandise and display of advertisements to all users, including Texans, were unrelated to the plaintiff's libel claim and could not support claim-specific jurisdiction.  *Id.* at 320.  The court reasoned that if website visibility alone sufficed, "a plaintiff could sue everywhere," and that such a result would not be consistent with defendants' reasonable expectations.  *Id.*

Likewise here, Amazon.com is a nationally available marketplace.  The books at issue were not targeted at Texas; they were available to anyone, anywhere, who accessed Amazon.com.  That is the opposite of purposeful availment.  *See id.* at 320 ("universal accessibility" is not the equivalent of "purposeful availment"); *see also Baig v. Moonbug Ent. Ltd.*, 2024 WL 5487086, at *5 (E.D. Tex. Apr. 12, 2024) ("YouTube and similar large online streaming platforms have broad, far-reaching contacts that cannot fairly be said to be purposefully directed or targeted at Texas."); *Viahart, LLC v. Arkview LLC*, 2020 WL 4905542, at *5 (E.D. Tex. Aug. 20, 2020) ("the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world").

Plaintiff attempts to avoid this conclusion by alleging that Amazon was not "merely a passive distributor" but "participated in [the content's] development and/or promotion" through "recommendation algorithms, marketing channels, and sales features," and placed the books in "'Sponsored,' 'Recommended,' and 'Customers Also Bought' modules."  Dkt. ¶¶ 19-20.  But these standard, automated features, are not conduct directed at Texas.  *Walden*, 571 U.S. at 284 (explaining the specific jurisdiction analysis "focuses on 'the relationship among the defendant,

16
v. -

the forum, and the litigation'").  Nationally applied algorithmic features do not become purposeful availment of Texas merely because one of Amazon.com's millions of product listings concerns a Texas resident.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227-28 (5th Cir. 2012) ("[o]ften the difficulty is not the lack of contacts but rather that such contacts that exist do not count because they have not been established purposefully by the defendant"); *see also Kuykendall v. Amazon Studios LLC*, 2022 WL 19337992, at *8-11 (S.D. Tex. Mar. 18, 2022) (finding no personal jurisdiction where promotion and distribution efforts for television series were "nationwide" and did not "continuously and deliberately" exploit the Texas market).

Because the Court's jurisdiction over Amazon is very much in dispute, it would be premature and ultimately a waste of resources to order Amazon to disclose identifying information of anonymous individuals before this dispositive issue is decided.  *See Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").  The Court should deny Plaintiff's motion for this independent reason.

### D.    Plaintiff Has Not Shown Good Cause To Justify Expedited Discovery.

Even setting aside the heightened standards that apply when First Amendment rights are at stake, Plaintiff's Motion fails on its own terms.  "Irrespective of the standard applied, '[e]xpedited discovery is not the norm.'"  *St. Louis*, 275 F.R.D. at 240 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).  Accordingly, a party seeking such discovery, at a minimum, bears the burden of demonstrating good cause. *See* Fed. R. Civ. P. 26(d)(1).  Here, Plaintiff's entire showing consists of the assertion that without expedited discovery, she "will be unable to amend the Complaint and effect service,

delaying resolution and potentially allowing John Doe Defendants to evade accountability." Dkt. 6-1 at 2. That on its own does not establish good cause. As the court in *St. Louis* explained, "[i]f it did, then expedited discovery would be the norm instead of the exception, and there would be no substantive purpose for Federal Rule 26(d)(1)." *St. Louis*, 275 F.R.D. at 242.

Plaintiff has not made any showing of prejudice or irreparable harm that would justify granting the Motion before the threshold questions discussed above are resolved. *Cf. Best Western*, 2006 WL 2091695, at *2 (showing that identities of John Doe Defendants may be lost due to ISP user retention policies if discovery is delayed established good cause). Plaintiff does not allege that evidence will be destroyed, that witnesses will become unavailable, or that any exigent circumstance justifies departing from the ordinary discovery sequence, all of which are the hallmarks of "good cause." For example, in *Enplanar, Inc. v. Marsh*, 11 F.3d 1284 (5th Cir. 1994), the Fifth Circuit affirmed a discovery stay where the opposing party "tendered no showing that the delay in discovery somehow prejudiced their case … through loss of documents or unavailability of witnesses." *Id.* at 1291. Plaintiff's assertion here is no more particularized.

## V.   CONCLUSION

For the foregoing reasons, Amazon respectfully asks this Court to deny Plaintiff's Motion for Expedited Discovery. If the Court is inclined to grant the Motion, Amazon asks the Court to defer its ruling until adjudication of Amazon's forthcoming motion to dismiss.

Dated: March 2, 2026

Respectfully submitted,
By:      /s/ Laura Lee Prather

Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Reid Pillifant

18
v. -

Texas Bar No. 24126157
reid.pillifant@haynesboone.com
**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Diana Palacios (*pro hac vice* forthcoming)
dianapalacios@dwt.com
Joel Richert (*pro hac vice* forthcoming)
joelrichert@dwt.com
Lauren Mattice (*pro hac vice* forthcoming)
laurenmattice@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

Counsel for defendants Amazon.com, Inc.
and Amazon.com Services LLC

19
v. -