**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LYNN SAKOWITZ WYATT,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **VIVIENNE STORMHAVEN,** | § | |
| an unknown individual, | § | **CAUSE NO.: 4:26-cv-166** |
| **AMAZON.COM, INC.,** | § | |
| **AMAZON.COM SERVICES LLC, and** | § | |
| **JOHN DOE AUTHORS, SELLERS,** | § | |
| **AND PUBLISHERS,** | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1.    State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.

**The parties held a conference via exchange of emails regarding drafts of this Joint Discovery/Case Management Plan that culminated on April 14, 2026. The parties were represented by the following attorneys.**

**Counsel for Plaintiff:**
- **Erik J. Osterrieder**
- **Jamison B. Walters**
- **Aaron J. Maher**
- **Vikesh N. Patel**

**Counsel for Defendants:**
- **Diana Palacios**
- **Joel Richert**
- **Laura Lee Prather**
- **Reid Pillifant**

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

**None known.**

3.    <u>Briefly</u> describe what the case is about.

**Plaintiff's Contentions**

Plaintiff alleges that Defendants authored, published, promoted, and sold unauthorized books that exploit her name, likeness, identity, and persona; falsely imply her endorsement; disseminate fabricated statements; and cause reputational, emotional, and commercial harm. Claims include false endorsement, dilution, right of publicity, misappropriation, defamation, invasion of privacy, tortious interference, unfair competition, civil conspiracy, aiding and abetting, and declaratory relief.

**Defendants Amazon.com, Inc.'s and Amazon.com Services LLC's ("Amazon") Contentions:**

Plaintiff in this case, a self-described socialite, philanthropist, and cultural figure residing in Texas, brings claims against Amazon and anonymous and pseudonymous authors, sellers, and publishers, related to certain unspecified biographies about Plaintiff that are listed and available for sale on Amazon.com. Amazon denies liability on multiple grounds, including that Plaintiff's false endorsement and dilution claims are barred by the First Amendment and/or the express language of the relevant statute. Amazon also is immune from liability on Plaintiff's state-law claims under Section 230 of Communications Decency Act because the challenged biographies were authored and published by third parties, and Plaintiff's claims seek to treat Amazon, which is an "interactive computer service provider," as the publisher of this third-party content.

Amazon has a pending Motion to Dismiss (Dkt. 23) under Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) because Plaintiff has not stated a viable claim on any of her causes of action.

For more specifics, the parties refer the Court to Amazon's pending Motion to Dismiss (Dkt. 23).

4.    Specify the allegation of federal jurisdiction.

**Plaintiff asserts federal question jurisdiction under 15 U.S.C. § 1125(a) and 28 U.S.C. § 1331, with supplemental jurisdiction under 28 U.S.C. § 1367.**

5.    Name the parties who disagree on the issue of jurisdiction and the reasons.

**The parties do not disagree that the Court has federal subject matter jurisdiction. However, as stated above, Defendant Amazon's Motion to Dismiss (Dkt. 23) for lack of personal jurisdiction is currently pending before the Court.**

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Plaintiff anticipates identifying and adding John Doe Authors, Sellers, and Publishers once Amazon produces identifying information.**

7.   List anticipated interventions.

     **None known.**

8.   Describe class-action issues.

     **None known.**

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

     **The parties will exchange initial disclosures within 14 days of the Rule 16 Conference, unless the Court orders otherwise.**

10.  Describe the proposed agreed discovery plan, including:

     A.   Responses to all the matters raised in Rule 26(f).

          i.    **Plaintiff do not presently request changes to the timing, form, or requirements of Rule 26(a) disclosures.**

                **Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but is willing to exchange initial disclosure under Rule 26(f).**

          ii.   **Discovery will address at least:**
                a. **Identification of the Doe Defendants;**
                b. **Amazon's role in developing, promoting, recommending, or profiting from the books;**
                c. **Amazon's knowledge of the allegedly infringing content;**
                d. **Sales, marketing, and recommendation algorithms;**
                e. **Communications regarding the books;**
                f. **Damages, including reputational, emotional, and commercial harm; and**
                g. **Amazon's defenses, including jurisdictional facts**
          iii.  **Document production may be made electronically via email, secure file transfer, or another mutually agreeable means.**
          iv.   **Privilege logs will be produced upon timely request.**
          v.    **No changes to discovery limitations are requested at this time, except that Plaintiff seeks expedited and/or jurisdictional discovery as described in pending motions.**
          vi.   **The parties intend to submit a stipulated protective order pursuant to Rule 26(c) governing the disclosure and use of confidential information in this case. The parties do not presently request additional orders under Rules 26(c), 16(b), or 16(c), other than a Scheduling Order.**

B.     When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff will serve written discovery on opposing parties within 30 days following the Rule 16 Conference, upon the Court's instruction, or as permitted by the scheduling order.**

C.     When and to whom the defendant anticipates it may send interrogatories.

**Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but will submit proposed dates upon the Court's instruction.**

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates deposing: Defendants; Amazon corporate representatives (Rule 30(b)(6)); individuals involved in Amazon's content moderation, recommendation systems, and product detail page creation; and any individuals with knowledge of Amazon's refusal to remove the listings.**

**Timing will depend on the Court's rulings on expedited and jurisdictional discovery.**

E.     Of whom and by when the defendant anticipates taking oral depositions.

**Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending. To the extent Plaintiff's claims survive Amazon's pending Motion to Dismiss (Dkt. 23), Amazon anticipates deposing Plaintiff in her individual capacity. Amazon may seek additional discovery from third-party witnesses.**

F.     When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    (i) **Plaintiff anticipates being able to designate experts and provide reports by November 3, 2026, upon the Court's instruction, or as permitted by the scheduling order.**

    (ii) **Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but will submit proposed dates upon the Court's instruction.**

**(iii) For rebuttal expert reports, Plaintiff anticipates being able to designate experts and provide reports by January 19, 2027, upon the Court's instruction, or as permitted by the scheduling order. Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but will submit proposed dates upon the Court's instruction.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff may take the depositions of expert witnesses following their designation and prior to the expiration of the discovery period.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but will submit proposed dates upon the Court's instruction. To the extent Plaintiff's claims survive Amazon's pending Motion to Dismiss (Dkt. 23), Amazon may take the depositions of expert witnesses following their designation and prior to the expiration of the discovery period.**

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties disagree regarding Plaintiff's request for expedited discovery, Plaintiff's request for jurisdictional discovery, and the scope and timing of discovery while Amazon's Motion to Dismiss (Dkt. 23) is pending. Specifically, Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending.**

12.  Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13.  State the date the planned discovery can be reasonably completed.

**Plaintiff contends that the fact discovery deadline should be set for January 19, 2027, upon the Court's instruction, or as permitted by the scheduling order.**

**Amazon contends that setting a pretrial and trial date schedule, and a discovery plan is premature while Amazon's Motion to Dismiss (Dkt. 23) remains pending, but will submit proposed dates upon the Court's instruction.**

14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have evaluated the possibility of a prompt resolution of this case, and a resolution is not possible at this time.**

**Plaintiff believes early mediation may be productive after initial discovery.**

**Amazon is willing to engage in early mediation after final adjudication of its pleading challenges, and contends that any exchange of discovery apart from initial disclosures under Rule 26(f) is premature while the Motion to Dismiss (Dkt. 23) remains pending.**

15.  Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiff awaits identification of Doe defendants and Amazon's internal information before meaningful settlement discussions can occur.**

**Amazon is willing to engage in settlement discussions after final adjudication of its pleading challenges, and contends that any exchange of discovery apart from initial disclosures under Rule 26(f) is premature while the Motion to Dismiss (Dkt. 23) remains pending.**

16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties are open to mediation which can be conducted following the exchange of some initial discovery.**

**Amazon is willing to engage in early mediation after final adjudication of its pleading challenges, and contends that any exchange of discovery apart from initial disclosures under Rule 26(f) is premature while the Motion to Dismiss (Dkt. 23) remains pending**

17.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not jointly consent to trial before a magistrate judge at this time.**

18.  State whether a jury demand has been made and if was made on time.

**Plaintiff timely made a jury demand.**

19.  Specify the number of hours it will take to present the evidence in this case.

**Each of the parties estimates it will need 1-2 days to try the case for an overall estimate of 3-4 days.**

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

1. **Plaintiff's Motion for Expedited Discovery directed to Amazon (Dkt. 6)**
2. **Amazon's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and Rule 12(b)(6) (Dkt. 23)**
   a. **Plaintiff's Response (Dkt. 26) includes:**
      i. **a request for limited jurisdictional discovery, and**
      ii. **a motion for leave to amend if the Court grants any portion of the Rule 12(b)(6) motion.**
3. **Plaintiff's Motion to Strike Amazon's Reply in support of the Motion to Dismiss, Or In The Alternative, For Leave to File a Sur-Reply (Dkt. 28)**

21.     List other motions pending.

**None.**

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the  conference.

**Plaintiff indicates:**

i.      **identification of Doe defendants;**
ii.     **scope of Amazon's involvement in content development and promotion;**
iii.    **jurisdictional discovery;**
iv.     **expedited discovery; and**
v.      **preservation of electronically stored information related to Amazon's recommendation algorithms, product detail pages, and internal communications**

**Amazon is not currently aware of any other peculiar issues that deserve special attention of the court at the conference**

23.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiff filed its Certificate of Interested Parties on January 9, 2026.**

24.     List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| */s/ Erik J. Osterrieder* | Laura Lee Prather |
| Erik J. Osterrieder | Texas Bar No. 16234200 |
| SBN: 24013276 | laura.prather@haynesboone.com |
| ejo@kmd.law | Catherine L. Robb |
| Jamison B. Walters | Texas Bar No. 24007924 |
| SBN: 24098573 | catherine.robb@haynesboone.com |

jwalters@kmd.law
Vikesh N. Patel
SBN: 24124350
vpatel@kmd.law
Aaron J. Maher
SBN: 24134372
amaher@kmd.law
55 Waugh Drive, Suite 150
Houston, TX  77007
Tel: (713) 201-0303
Fax: (281) 999-5350
**Attorneys for Plaintiff Lynn S. Wyatt**

April 16, 2026

Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com
**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

Diana Palacios (*pro hac vice*)
dianapalacios@dwt.com
Joel Richert (*pro hac vice*)
joelrichert@dwt.com
Lauren Mattice (*pro hac vice*)
laurenmattice@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

Counsel for defendants Amazon.com, Inc.
and Amazon.com Services LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date shown below, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record through the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.


Date: <u>April 16, 2026</u>                    */s/ Erik J. Osterrieder*
                                        Erik J. Osterrieder

Appendix